hands of a third person, contrary to orders, it is a conversion.' "

From the evidence the jury might properly find that the defendant, in violation of his agreement with the plaintiff, put the cape into the hands of a third person and this was a conversion.

Again, the defendant when plaintiff made a demand for her cape did not put his refusal on the ground that he had given the cape to his brother to do the required work and the cape had been stolen, but falsely stated that he had been too busy to do the work, and the refusal to deliver the cape under such circumstances is presumptive evidence of conversion. *Ingalls v. Bulkley,* 15 Ill. 224; *Hall v. White,* 3 Carr. & P. 136, 14 E. C. L. 490.

The judgment must be affirmed.

*Judgment affirmed.*

---

**The City of Chicago, Defendant in Error, v. Charles Bradley, Plaintiff in Error.**

**Gen. No. 18,172.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed November 3, 1913.

### Statement of the Case.

Prosecution by the City of Chicago on a complaint filed against Charles Bradley for violation of section 2019 of the Municipal Code of Chicago. From a judgment against the defendant, defendant brings error.

Plaintiff in error complains (1) that court erred in rendering a judgment in favor of the plaintiff and against the defendant; (2) the court erred in not dismissing the case as against the defendant; (3) the court had no jurisdiction.

Holinger v. Dickinson, 183 Ill. App. 122.

CHARLES A. WARD, for plaintiff in error.

WILLIAM SEXTON and JAMES S. McINERNEY, for defendant in error; EDWIN J. RABER, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

*Held* that the questions presented in this case were presented in *City of Chicago v. Williams*, 254 Ill. 360, and on the authority of that case the judgment is affirmed.

---

**Arnold Holinger, Trustee, and Lewis E. Chipman, Appellees, v. Harriet E. Dickinson et al., Appellants.**

## Gen. No. 18,535.

**Julius Stichert et al., Appellants, v. Harriet E. Dickinson et al., Appellees.**

## Gen. No. 18,513.

1. APPEAL AND ERROR, § 1197*—*questions not reviewable on appeal from a final decree.* While an appeal from a final decree in equity ordinarily brings up the whole case on its merits, including interlocutory orders connected with the decree, such an appeal does not bring up a question which was definitely adjudicated and disposed of prior to the time of making such decree.

2. APPEAL AND ERROR, § 1199*—*when error in dismissing cross-bill not reviewable on appeal from final decree.* An appeal from a decree of foreclosure only, does not bring up for review a prior order dismissing a cross-bill.

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term,

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.